United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HARTFORD FIRE INSURANCE COMPANY,

    Plaintiff,

v.

MICHAEL CHRISTOPHER MCGHEE,

    Defendant.

No. C 09-05328 JSW

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Now before the Court is the motion to dismiss filed by defendants Leo and Ann Halstenson (collectively, "Halstensons"). The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for June 4, 2010 is HEREBY VACATED. Having carefully reviewed the parties' papers and considering their arguments and the relevant authority, and good cause appearing, the Court hereby GRANTS the Halstensons' motion to dismiss.[1]

## BACKGROUND

The Halstensons filed an amended complaint for damages for wrongful death against Hartford Fire Insurance Company ("Hartford"), Michael Christopher McGhee, Michael Bruce McGee, Raven Funding LLC and D.L. Peterson Trust on January 9, 2009 in the Superior Court of the State of California for the County of Marin. Hartford then filed a complaint for declaratory relief in federal court against the Halstensons, Michael Christopher McGhee and Michael Bruce McGhee. Hartford's complaint contains a single cause of action seeking

---

[1] The Court GRANTS the Halstensons' request for judicial notice. *See* Fed. R. Evid. 201.

declaratory judgment, under California law, interpreting the rights and obligations of the parties under an insurance policy issued by Hartford to the Hartford Financial Services Group where Michael Bruce McGhee works.

The Court will address additional specific facts as required in the analysis.

## ANALYSIS

The Halstensons argue that the Court should abstain from exercising jurisdiction and dismiss this matter pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201 *et seq.* The DJA grants courts discretionary jurisdiction to declare the rights of litigants. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (citing 28 U.S.C. § 2201(a)). Under *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942), the district court must undertake an analysis to determine whether it should exercise its discretionary jurisdiction. In making the determination whether to exercise jurisdiction, the Court should (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions as a means of forum shopping; and (3) avoid duplicative litigation. *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). Moreover, if the Court declines to hear a claim for declaratory relief, it must "explain the basis for its decision on the record," specifically analyzing the *Brillhart* factors to demonstrate how it came to the conclusion to dismiss the claim. *Principal Life Ins. Co. v. Robinson,* 394 F.3d 665, 672 (9th Cir. 2004). The Court may consider several additional factors when considering whether to decline to hear a claim for declaratory relief. The factors are non-exclusive and include determining whether declining to hear the claim for declaratory relief will: avoid duplicative litigation; balance concerns of judicial administration, comity, and fairness to the litigants; settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a res judicata advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. *Dizol*, 133 F.3d at 1225 n.5 (citing *Brillhart*, 316 U.S. at 494-95). In addition, the court may consider the convenience of the parties and the availability of other remedies in determining whether to decline to hear a claim for declaratory judgment. *Id.*

2

In *American National Fire Ins. Co. v. Hungerford*, 53 F.3d 1012 (9th Cir.1995), *overruled on other grounds by Dizol*, 133 F.3d at 1227 (9th Cir.1998), an insurance company issued an directors and officers liability policy to PLM Companies, Inc. ("PLMC"). PLMC then formed PLM International, Inc. ("PLMI") to consolidate activities of another company. Disgruntled investors who had voted against the consolidation sued PMLI, PLMC's predecessor in interest, and other defendants in state court for breach of fiduciary duties. *Id.*, 133 F.3d at 1013-1014. During the pendency of this action, the insurance company brought a separate action in federal court against the founder, Chairman of the Board and Chief Executive Officer of PLMC, seeking a declaration of non-coverage in the state court action. *Id.* at 1014. The Ninth Circuit held that the district court erred in exercising its discretion in hearing the declaratory relief action, despite the fact that the federal and state cases were not identical and the insurance company, who was not a party to the state court action, was barred under state law from joining the action or having the issue of insurance coverage heard in the state court action. *Id.* at 1016.

The Ninth Circuit relied on a similar case from the Sixth Circuit in which the court held that "an insurer's inability to join directly in the related underlying tort action did not preclude the denial of federal court jurisdiction to the insurer in its separate declaratory relief claim." *Id.* at 1016-1017 (citing *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 278-79 (6th Cir.)). The *Mercier* court noted that "there was a sufficient parallel in the underlying facts of each case and that a sufficient remedy existed in state court for the insurer." *Id.* at 1017 (citing *Mercier*, 913 F.2d at 278-79). The *Mercier* court reasoned:

> We realize that [the insurer] is not a party in the underlying tort action and cannot be made a party. But [the state] does have a procedure for obtaining a declaration of the rights and other legal relations of an interested party seeking a declaratory judgment.... Thus, [the insurer] could have presented the issues that it brought to federal court in a separate action to the same court that will decide the underlying tort action....
> It is true that in the present case the federal declaratory judgment action does not parallell[ ] a state court action arising from the same facts in the sense that different legal issues are presented by the pleadings. Nevertheless, the federal action does parallel the state action in the sense that the ultimate legal determination in each depends upon the same facts. And, there is an alternate state remedy by which the legal determination sought in the federal declaratory judgment action may be made on the basis of a well-developed factual record, rather than on the basis of a barren record.

3

*Mercier*, 913 F. 2d at 278-79 (internal citations and quotations omitted). The Ninth Circuit agreed with the holding of *Mercier* "that when an ongoing state court proceeding involves a state law issue that is predicated on the same factual transaction or occurrence involved in a matter pending before a federal court, the state court is the more suitable forum for a petition to bring a related claim." *Hungerford*, 53 F.3d at 1017 (citing *Mercier*, 913 F.2d at 278).

Both the *Hungerford* and the *Mercier* courts squarely rejected the argument that the insurer's inability to join in the state court action required the district court to accept jurisdiction, noting that the insurer could have sought declaratory relief from the same court, albeit in a separate action, that will decide the underlying tort action. *Hungerford*, 53. F.3d at 1018; *Mercier*, 913 F.2d at 278. Given that the declaratory relief actions ultimately involved interpretations of state law related to factual disputes that were pending before the state court, both courts found that "the [state] court would be in a superior position to address the legal issues on which [the insurer] [sought] a declaration of rights." *Hungerford*, 53. F.3d at 1018; *Mercier*, 913 F.2d at 278-79.

The *Hungerford* court further reasoned that allowing the insurance company to bring a declaratory relief action in federal court:

> would simply result in a waste of federal resources at every level of the decision making process. Any other holding, given the facts of this case, would result in the federal district court needlessly analyzing a state law issue that the state court is equally, if not better equipped to decide; it will also lead to the state and federal appellate courts reviewing claims arising from an identical set of facts even though the cases can easily be consolidated if filed within the same court.

*Id*., 53 F.3d at 1018. Moreover, the *Hungerford* court found that "exercising jurisdiction over a suit that raised the same issues as those in a pending state court action ... would only be encouraging forum shopping in violation of the second *Brillhart* principle." *Id*. Therefore, as in *Mercier,* the *Hungerford* court held that "a decision to exercise jurisdiction in this case would only encourage forum shopping, procedural fencing, and the 'race for res judicata.'" *Id*. at 1018; *Mercier*, 913 F.2d at 279. Finally, the *Hungerford* court held that the interests of comity and

4

avoiding needlessly determining issues of state law warranted declining to exercise jurisdiction. *Id*. at 1018-19 (citing *Brillhart*, 316 U.S. at 495.)

The action before this Court is factually analogous to the actions before the *Hungerford* and *Mercier* courts. Both the state court action and this case involve the same underlying factual occurrence, the car accident in which William Halstenson was killed by the car driven by Michael Christopher McGhee. At issue in both actions is the factual dispute regarding whether Michael Christopher McGhee was driving with the permission of Michael Bruce McGhee and/or Hartford. Despite the fact that Hartford cannot bring a declaratory relief claim to determine insurance coverage in the same wrongful death action pending in state court, Hartford could bring a separate declaratory relief action in state court. As in *Hungerford,* this Court finds that exercising jurisdiction over a suit that raises the same factual issues as those pending in state court "would simply result in a waste of federal resources at every level of the decision making process" and would "encourage forum shopping, procedural fencing, and the 'race for res judicata.'" *Id*., 53 F.3d at 1018. Moreover, the interests of comity and avoiding needlessly determining issues of state law warrants declining to exercise jurisdiction here. *Id*. at 1018-19; *Brillhart*, 316 U.S. at 495. Accordingly, the Court declines to exercise jurisdiction over this declaratory relief action and grants the Halstensons' motion to dismiss.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the Halstensons' motion to dismiss.

**IT IS SO ORDERED.**

Dated: May 27, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5